J-S59003-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| EMMANUEL RIOS, | : | |
| | : | |
| Appellant | : | No. 993 EDA 2013 |

Appeal from the PCRA Order Entered March 5, 2013,
In the Court of Common Pleas of Philadelphia County,
Criminal Division, at No. CP-51-CR-1236891-1989.

BEFORE: SHOGAN, J., LAZARUS, J. and STRASSBURGER, J.*

MEMORANDUM BY SHOGAN, J.: **FILED OCTOBER 08, 2014**

Appellant, Emmanuel Rios, appeals *pro se* from the order denying his second petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. We affirm.

The trial court previously summarized the facts of this case as follows:

> About 12:51 a.m., September 7, 1987, the body of Shawn Nelson was found in the northbound lane of a highway in Juniata Park. He had suffered a gunshot wound to the head. Even though no bullet ever was found, the Medical Examiner expressed the opinion that the fatal bullet was .25 caliber.
>
> The detectives learned that Shawn Nelson had been seen last with Romance McArthur. When McArthur was interviewed as a witness on September 25, 1987, he denied knowing anything about the death. Later McArthur admitted he participated in the shooting along with Angel Rodriguez and [Appellant] for whom he sold drugs. McArthur sold drugs for them at 8th and Butler Streets, Philadelphia, and he also brought cocaine from New York to Philadelphia for them and for others.

---

* Retired Senior Judge assigned to the Superior Court.

McArthur's counsel and the District Attorney reached a plea agreement by which McArthur entered pleas of guilty to two charges of murder in the third degree. One of the charges involved the death of Shawn Nelson and the other involved the death of Michael Gore.

The plea agreement, which is Commonwealth's Exhibit 12, states, in relevant part:

> And for his plea of guilty to the same charges, Bills Number 665, 666, and 667 of September Term 1989, pertaining [to] the Murder of Shawn Nelson, it is agreed that his sentences in the aggregate shall not exceed a minimum of 20 nor a maximum of 40 years.

At trial, McArthur testified that Shawn Nelson was killed because he was interfering with drug business at 8th and Butler, that he was selling his own material, and that he, Angel Rodriguez and [Appellant] had a meeting in the 3800 block of Race street, to decide what to do with Shawn Nelson. At that meeting Rodriguez and [Appellant] said that they did not want Shawn Nelson to just get hurt or beat up but they wanted to set an example by showing other individuals who were selling on the corner of 8th and Butler what might happen.

Later, on another night, Rodriguez and Shawn Nelson were arguing and Rodriguez threw a bottle at him. On the date of the murder, [Appellant] called McArthur and told him to meet him at Franklin and Luzerne. McArthur complied. Rodriguez and [Appellant] arrived in a van driven by Rodriguez. McArthur joined them. They drove to 9th and Butler, turned up Butler Street and saw Shawn Nelson sitting on a step. [Appellant] alighted from the van, bearhugged Shawn Nelson and put him in the van. They drove from the scene and went to Rising Sun Avenue. Shawn Nelson was being held down on the floor of the van by [Appellant].

Rodriguez drove to a road known as Snake Hill in Juniata Park, put the van in park, came to the back of the van and held Shawn Nelson down with his head on the outside of the van. He

shot him in the head and threw his body on the street. [Appellant] then took the wheel of the van and drove away.

Trial Court Opinion, 6/26/96, at 1-3

On December 5, 1990, a jury convicted Appellant of first degree murder and related crimes. The following day, the trial court sentenced Appellant to a term of life imprisonment on the murder conviction. Appellant then filed post-trial motions. After numerous continuances, on June 26, 1996, the trial court granted Appellant a new trial. The Commonwealth filed an appeal. On July 30, 1997, this Court reversed the trial court's order granting a new trial and remanded for sentencing. *Commonwealth v. Rios*, 2733 PHL 1996, 701 A.2d 782 (Pa. Super. 1997) (unpublished memorandum).

On November 18, 1998, upon remand, the trial court sentenced Appellant to a term of life imprisonment on the murder conviction as well as various terms of incarceration for Appellant's related convictions. Appellant appealed, and on December 31, 1999, this Court affirmed Appellant's judgment of sentence. *Commonwealth v. Rios*, 3698 PHL 1999, 750 A.2d 374 (Pa. Super. 1999) (unpublished memorandum). Appellant did not seek further review.

On March 16, 2001, Appellant filed his first PCRA petition, which was denied. In an unpublished memorandum decision, this Court affirmed the PCRA court on May 13, 2004, and the Pennsylvania Supreme Court denied

allowance of appeal on June 28, 2005. *Commonwealth v. Rios*, 741 EDA 2003, 855 A.2d 136 (Pa. Super. 2004), *appeal denied*, 878 A.2d 864 (Pa. 2005).

On March 31, 2011, Appellant filed the instant PCRA petition, his second. The PCRA court dismissed the PCRA petition on March 5, 2013. This appeal followed.

Appellant presents the following issue for our review:

> Did the PCRA Court abuse it's [sic] discretion in denying the PCRA petition?

Appellant's Brief at 2.

Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination and whether the PCRA court's determination is free of legal error. *Commonwealth v. Phillips*, 31 A.3d 317, 319 (Pa. Super. 2011) (citing *Commonwealth v. Berry*, 877 A.2d 479, 482 (Pa. Super. 2005)). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. *Id*. (citing *Commonwealth v. Carr*, 768 A.2d 1164, 1166 (Pa. Super. 2001)).

A PCRA petition must be filed within one year of the date that the judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). This time requirement is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition. *Commonwealth v.*

*Murray*, 753 A.2d 201, 203 (Pa. 2000). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii), is met.[1] A petition invoking one of these exceptions must be filed within sixty days of the date the claim could first have been presented. 42 Pa.C.S. § 9545(b)(2). In order to be entitled to the exceptions to the PCRA's one-year filing deadline, "the petitioner must plead and prove

---

[1] The exceptions to the timeliness requirement are:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).

specific facts that demonstrate his claim was raised within the sixty-day time frame" under section 9545(b)(2). **Carr**, 768 A.2d at 1167.

Our review of the record reflects that the trial court imposed a sentence of life imprisonment on November 18, 1998. This Court affirmed the judgment of sentence on December 31, 1999. The record does not reflect that Appellant sought review in the Pennsylvania Supreme Court. Accordingly, Appellant's judgment of sentence became final on January 31, 2000,[2] thirty days after this Court affirmed the judgment of sentence and the time for filing a petition for allowance of appeal with the Pennsylvania Supreme Court expired. 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 903(a). Appellant did not file the instant PCRA petition until March 31, 2011. Thus, Appellant's PCRA petition currently on appeal is patently untimely.

As previously stated, if a petitioner does not file a timely PCRA petition, his petition may nevertheless be received under any of the three limited exceptions to the timeliness requirements of the PCRA. 42 Pa.C.S. § 9545(b)(1). If a petitioner asserts one of these exceptions, he must file his petition within sixty days of the date that the exception could be asserted. 42 Pa.C.S. § 9545(b)(2). As we have held, an appellant must file a PCRA

---

[2] We observe that Appellant needed to file his appeal on or before Monday, January 31, 2000, because January 30, 2000, was a Sunday. **See** 1 Pa.C.S. § 1908 (stating that, for computations of time, whenever the last day of any such period shall fall on Saturday or Sunday, or a legal holiday, such day shall be omitted from the computation).

petition raising a decision which establishes a newly-recognized constitutional right within sixty days of the date of issuance of that decision. *See Commonwealth v. Baldwin*, 789 A.2d 728, 730-731 (Pa. Super. 2001) (reiterating that PCRA petitions claiming an exception to the timeliness requirements based upon a constitutional right newly recognized by the United States Supreme Court or the Pennsylvania Supreme Court must be presented within sixty days of the newly published decision and stating that "[n]either the court system nor the correctional system is obliged to educate or update prisoners concerning changes in case law.").

Our review of the record reflects that Appellant attempted to invoke the third exception to the PCRA timeliness requirements, *i.e.*, "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively." 42 Pa.C.S. § 9544(b)(1)(iii). Specifically, Appellant asserted that the United States Supreme Court cases of *Crawford v. Washington*, 541 U.S. 36 (2004), *Melendez-Diaz v. Massachusetts*, 557 U.S. 305 (2009), and *Briscoe v. Virginia,* 559 U.S. 32 (2010), provide him relief.[3] PCRA Petition, 3/31/11.

---

[3] We note that, in his PCRA petition and in his appellate brief, Appellant also provided reference to this Court's decision in *Commonwealth v. Barton-Martin*, 5 A.3d 363 (Pa. Super. 2010), including an incorrect spelling of the

Initially, we observe that the United States Supreme Court's decision in **Crawford** was rendered on March 8, 2004. Even assuming for the sake of argument that the decision is applicable to Appellant's case and would provide Appellant relief from the timeliness requirements of the PCRA, we observe that to qualify for the timeliness exception, Appellant would have had to present the claim on or before Friday, May 7, 2004. As we previously stated, Appellant did not file the instant PCRA petition until March 31, 2011. Thus, any relief that would possibly be afforded by the decision in **Crawford**

---

case name ostensibly on the grounds that the Pennsylvania Superior Court's decision in **Barton-Martin** created a newly recognized constitutional right as contemplated in section 9545(b)(1)(iii) through its retroactive application of the decision in **Melendez–Diaz**. **See**, **e.g.**, PCRA Petition, 3/31/11, at 2, 3; Appellant's Brief at (i)(A). However, we rejected this same argument in **Commonwealth v. Brandon**, 51 A.3d 231, 235-236 (Pa. Super. 2012), wherein we clarified that section 9545(b)(1)(iii) contemplates that the decision recognizing a new constitutional right must come from either the Pennsylvania Supreme Court or the United States Supreme Court, and **Barton-Martin** is a Superior Court decision. Furthermore, in **Brandon** we clarified that **Barton-Martin** does not recognize a new constitutional right, noting "it simply applies the previously announced ruling articulated by the U.S. Supreme Court in **Melendez–Diaz**." **Brandon**, 51 A.3d at 236.

In addition, in **Barton-Martin**, this Court applied **Melendez-Diaz** in the direct appeal of a DUI conviction, concluding that "absent a showing that the laboratory technician was unavailable, and the Appellant had a prior opportunity to cross-examine her, the laboratory technician's failure to testify in the Commonwealth's case-in-chief violated Appellant's Sixth Amendment right to confrontation." **Barton-Martin**, 5 A.3d at 369. However, the instant case involves a collateral appeal and, therefore, the application of **Melendez-Diaz** in **Barton-Martin**, is not pertinent to our disposition and we will limit our review to the cases of **Crawford**, **Melendez-Diaz**, and **Briscoe**.

does not qualify because Appellant has not met the necessary timeliness exception.

In addition, we observe that the United States Supreme Court's decision in *Melendez-Diaz* was rendered on June 25, 2009. Again, assuming *arguendo* that the decision in *Melendez-Diaz* is applicable to Appellant's case, and would possibly provide Appellant relief from the timeliness requirements of the PCRA, we observe that to qualify for the timeliness exception, Appellant would have had to present the claim on or before Monday, August 24, 2009. *Baldwin*, 789 A.2d at 730-731. However, Appellant did not file the instant PCRA petition until March 31, 2011. Accordingly, any relief that would possibly be afforded by the decision in *Melendez-Diaz* fails to qualify because Appellant has not met the necessary timeliness exception.

Finally, we observe that the United States Supreme Court's decision in *Briscoe* was rendered on January 25, 2010. Likewise, assuming for the sake of argument that the decision is applicable to Appellant's case and would provide Appellant relief from the timeliness requirements of the PCRA, we observe that to qualify for the timeliness exception, Appellant would have had to present the claim on or before Friday, March 26, 2010. *Baldwin*, 789 A.2d at 730-731. Nevertheless, Appellant did not file the instant PCRA petition until March 31, 2011. Therefore, any relief that would be afforded

by the decision in **Briscoe** does not qualify because Appellant has not met the necessary timeliness exception.

Appellant attempts to avoid the fact that he has missed the sixty-day timeliness exception by arguing he first learned of the relevance of the underlying cases less than sixty days prior to filing the present PCRA petition. Appellant's Brief at 19-22. Even if we were to accept Appellant's assertion as true, we have previously held the following:

> "the sixty-day period begins to run upon the date of the underlying judicial decision." **Commonwealth v. Boyd**, 923 A.2d 513, 517 (Pa. Super. 2007). Ignorance of the law does not excuse [a petitioner's] failure to file his petition within the 60 days following the [underlying] decision . . . . **Commonwealth v. Baldwin**, 789 A.2d 728, 731 (Pa. Super. 2001). "Neither the court system nor the correctional system is obliged to educate or update prisoners concerning changes in case law." **Id**.

**Commonwealth v. Brandon**, 51 A.3d 231, 235 (Pa. Super. 2012).

It is irrelevant that Appellant may have filed the instant PCRA petition within sixty days of when he first learned of the decisions he now invokes. The sixty-day period of section 9545(b)(2) began upon the filing date of the underlying decisions. Therefore, Appellant's claim that his second PCRA petition qualified for an exception to the PCRA's time-bar lacks merit.

Consequently, because the PCRA petition was untimely and no exceptions apply, the PCRA court lacked jurisdiction to address any claims presented and grant relief. **See Commonwealth v. Fairiror**, 809 A.2d 396, 398 (Pa. Super. 2002) (holding that PCRA court lacks jurisdiction to

hear untimely petition). Likewise, we lack jurisdiction to reach the merits of the appeal. ***See Commonwealth v. Johnson***, 803 A.2d 1291, 1294 (Pa. Super. 2002) (holding that Superior Court lacks jurisdiction to reach merits of appeal from untimely PCRA petition).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/8/2014