J-S51011-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ROSCOE PARRISH, JR. | |
| Appellant | No. 144 EDA 2016 |

Appeal from the PCRA Order December 15, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0513401-1983

BEFORE:  GANTMAN, P.J., LAZARUS, J., and PLATT, J.*

MEMORANDUM BY GANTMAN, P.J.:                    **FILED JUNE 10, 2016**

Appellant, Roscoe Parrish, Jr., appeals *pro se* from the order entered in the Philadelphia County Court of Common Pleas, which denied his second petition filed under the Post-Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. 9541-9546.  We affirm.

In its opinion, the PCRA court fully set forth the relevant facts and procedural history of this case.  Therefore, we have no reason to restate them.[1]

Appellant raises one issue for our review:

_____

[1] The certified record in this case is a "reconstructed record" and omits all of Appellant's filings from the time of sentencing until Appellant filed the current PCRA petition.  Thus, we rely on the PCRA court's recitation of the procedural history during that timeframe.

_____

*Retired Senior Judge assigned to the Superior Court.

> THE [PCRA] COURT…ABUSED THE DISCRETION OF THE COURT, WHEN [IT] DISMISSED APPELLANT'S PCRA PETITION HOLDING THAT IT WAS TIME-BARRED AND THEREFORE UNTIMELY. [THE COURT] DID NOT ADDRESS IN [ITS] DECEMBER 15, 2015 ORDER THE SPECIFIC, REASON—FOR DENYING THE PCRA [PETITION] EXCEPT TO SAY IT WAS UNTIMELY.

(Appellant's Brief at 5).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Jeffrey P. Minehart, we conclude Appellant's issue merits no relief. The PCRA court opinion comprehensively discusses and properly disposes of the question presented. (**See** PCRA Court Opinion, filed January 28, 2016, at 2-4) (finding: Appellant's judgment of sentence became final on January 1, 1989, thirty days after Superior Court affirmed his judgment of sentence and window to file petition for allowance of appeal with Supreme Court expired; Appellant filed his current PCRA petition on July 15, 2011, which is patently untimely; Appellant relies on **Melendez-Diaz v. Massachusetts**[2] to satisfy "new constitutional right" exception to PCRA time-bar, but he has failed to meet 60-day rule; further, **Melendez-Diaz** does not apply retroactively to

---

[2] **See Melendez-Diaz v. Massachusetts**, 557 U.S. 305, 129 S.Ct. 2527, 174 L.Ed.2d 314 (2009) (holding lab reports admitted to prove element of crime are considered testimonial statements subject to Confrontation Clause). Appellant has abandoned on appeal additional claims he raised in a "supplemental" PCRA petition filed on May 31, 2013, so we will give those claims no further attention.

cases on collateral review; thus, his petition remains untimely). Accordingly, we affirm on the basis of the PCRA court's opinion.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/10/2016

**FILED**

JAN 2 8 2016

Criminal Appeals Unit
First Judicial District of PA

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | CP-51-CR-0513401-1983 |
| | : | |
| VS. | : | |
| | : | CP-51-CR-0513401-1983 Comm. v. Parrish,jr., Roscoe<br>Memorandum Opinion |
| ROSCOE PARRISH,<br>Petitioner | : |  |
| | | 7399518701 |

**OPINION**

MINEHART, J

The lower court dismissed the Post-Conviction Relief Act ("PCRA") petition filed on July 15, 2011, for the reasons set forth below.[1]

## PROCEDURAL HISTORY

On October 9, 1985, following a non-jury trial, Petitioner was convicted of first-degree murder and criminal conspiracy. On May 28, 1986, Petitioner was sentenced to life imprisonment on the murder charge and a concurrent term of incarceration on the remaining charge. On December 2, 1988, the Superior Court affirmed Petitioner's judgments of sentence. *Commonwealth v. Parrish*, 555 A.2d 248 (Pa. Super. 1988)(table). Petitioner did not seek allowance of appeal in the Pennsylvania Supreme Court.

On May 11, 1989, Petitioner filed a *pro se* petition under Pennsylvania's Post-Conviction Relief Act, 42 Pa.C.S. § 9541 *et seq.* Appointed counsel subsequently filed a letter pursuant to *Pennsylvania v. Finley*, 481 U.S. 551 (1987), certifying that she had reviewed the entire record and concluded that there were no issues of arguable merit to advance in an amended petition. On March 11, 1992, the PCRA court dismissed the petition and permitted counsel to withdraw. The Superior Court affirmed, *Commonwealth v. Parrish*, 625 A.2d 92 (Pa. Super. 1992), and the Pennsylvania

---

[1] The Order was issued more than twenty days after Petitioner was served with notice of the forthcoming dismissal of his Post Conviction Relief Act petition. Pa.R.Crim.P. 907.

1



Supreme Court denied allow. .:e of appeal on April 20, 1993. *Com.. .twealth v. Parrish*, 627 A.2d 178 (Pa. 1993).

On July 15, 2011, Petitioner filed the current *pro se* PCRA petition.[2] Pursuant to Pennsylvania Rule of Criminal Procedure 907, Petitioner was served with notice of the court's intention to dismiss his PCRA petition on November 9, 2015. Petitioner filed a response to the court's Rule 907 notice on November 13, 2015. The lower court dismissed Petitioner's petition as untimely on December 15, 2015. Petitioner filed the instant, *pro se* notice of appeal to the Superior Court on December 23, 2015.

## DISCUSSION

Petitioner's present PCRA petition was untimely filed and none of the exceptions to the time-bar are applicable. As a prefatory matter, the timeliness of a PCRA petition is a jurisdictional requisite. *Commonwealth v. Robinson*, 12 A.3d 477 (Pa. Super. 2011). A PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

The three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1). To invoke an exception, a petition must allege and the petitioner must prove:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

---

[2] The current version of the PCRA contains a provision permitting a defendant whose conviction became final prior to January 16, 1996, the date the current version of the PCRA took effect, to file a timely first PCRA petition within one year of that date. *See Commonwealth v. Alcorn*, 703 A.2d 1054, 1056-57 (Pa. Super. 1997)(holding that where a petitioner's judgment of sentence became final on or before the effective date of the amendment to the PCRA, the amended PCRA contained a provision whereby a first PCRA petition could be filed by January 16, 1997, even if the conviction in question became final more than a year prior to the date of the filing). Petitioner's current petition is neither his first nor was it filed within the one-year grace period.

2

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

Subsection 9545(b)(1)(iii) is the newly-recognized, and retroactively-applied, constitutional right exception.

> Subsection (iii) of Section 9545[ (b)(1)] has two requirements. First, it provides that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or [the Supreme Court of Pennsylvania] after the time provided in this section. Second, it provides that the right "has been held" by "that court" to apply retroactively. Thus, a petitioner must prove that there is a "new" constitutional right and that the right "has been held" by that court to apply retroactively. The language "has been held" is in the past tense. These words mean that the action has already occurred, *i.e.,* "that court" has already held the new constitutional right to be retroactive to cases on collateral review. By employing the past tense in writing this provision, the legislature clearly intended that the right was already recognized at the time the petition was filed.

*Commonwealth v. Copenhefer,* 941 A.2d 646, 649–50 (Pa. 2007) (quoting *Commonwealth v. Abdul–Salaam,* 812 A.2d 497, 501 (Pa. 2002)).

Additionally, a PCRA petitioner must present his claimed exception within sixty days of the date the claim first could have been presented. 42 Pa.C.S.A. § 9545(b)(2). "As such, when a PCRA petition is not filed within one year of the expiration of direct review, or not eligible for one of the three limited exceptions, or entitled to one of the exceptions, but not filed within 60 days of the date that the claim could have been first brought, the PCRA court has no power to address the substantive merits of a petitioner's PCRA claims." *Commonwealth v. Gamboa–Taylor,* 753 A.2d 780, 783 (Pa. 2000).

Petitioner's judgment of sentence became final on January 1, 1989, thirty days after the Superior Court affirmed his judgment of sentence and the window to file a petition for allowance of appeal expired. His current petition, filed on July 15, 2011, is therefore untimely by approximately twenty-one years. *See* 42 Pa.C.S.A. § 9545(b)(1), (3).

3

In attempt to establish timeliness, Petitioner invoked subsection 545(b)(1)(iii) to claim that the United States Supreme Court's holding in *Melendez–Diaz v. Massachusetts*, 129 S.Ct. 2527 (2009) is an after-recognized constitutional right that should be applied retroactively to his case. Not only has the U.S. Supreme Court not specifically held that *Melendez–Diaz* should be applied retroactively to cases on collateral review, but Petitioner failed to raise this claim within the PCRA's sixty-day mandate. *See Commonwealth v. Leggett*, 16 A.3d 1144, 1148 (Pa. Super. 2011); *see also* 42 Pa.C.S. § 9545(b)(2). Furthermore, in *Bullcoming v. New Mexico*, 131 S.Ct. 2705, (2011), the United States Supreme Court merely applied its decision in *Melendez–Diaz* and is therefore unavailing. Additionally, *Commonwealth v. Barton–Martin*, 5 A.3d 363, 369 (Pa. Super. 2010) and *Briscoe v. Virginia*, 130 S.Ct. 1316 (2010) are inapposite as those cases were pending final review on direct appeal.

Petitioner's additional invocation of *Miller v. Alabama*, 132 S.Ct. 2455 (2012), and *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), similarly failed to satisfy subsection 9545(b)(1)(iii) as these claims were not raised within sixty days of the date these decisions were handed down.[3] *Id.* § 9545(b)(2). Moreover, with respect to Petitioner's *Miller* claim, he was over the age of eighteen when he committed the crime herein and thus, *Miller*, which limited its holding to defendant's under the age of eighteen when the underlying crime was committed does not apply. The lower court therefore lacked jurisdiction to formally explore any substantive claims. Accordingly, for the reasons stated herein, it is suggested that the decision of the court dismissing the PCRA petition be affirmed.

BY THE COURT:

HON. JEFFREY P. MINEHART

---

[3] *See* Supplemental Petition, 5/31/13 at 2.

4