**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Jennifer Ann BARTON–MARTIN,**
**Appellant.**

Superior Court of Pennsylvania.

Argued June 9, 2010.

Filed Sept. 8, 2010.

Reargument Denied Nov. 19, 2010.

---

**4.** 42 Pa.C.S.A § 5524.1.

Alicia A. Genther, Harrisburg, for appellant.

James Zamtobwicz, Asst. Dist. Atty., York, for Com., appellee.

BEFORE: MUSMANNO, LAZARUS and OLSON, JJ.

OPINION BY OLSON, J.

Appellant, Jennifer Ann Barton–Martin, appeals from the judgment of sentence entered on January 26, 2009, as made final when Appellant's post-sentence motions were deemed denied by operation of law, sentencing her for convictions on two counts of driving under the influence, 75 Pa.C.S.A. § 3802(a)(1) (general impairment)[1] and 75 Pa.C.S.A. § 3802(c) (highest rate).[2] Among other claims raised on appeal, Appellant challenges the admission of blood-alcohol test results offered to establish her guilt under § 3802(c) based on the recent United States Supreme Court decision in *Melendez–Diaz v. Massachusetts,* —— U.S. ——, 129 S.Ct. 2527, 174 L.Ed.2d 314 (2009). In *Melendez–Diaz,* the Court held that lab reports admitted to establish a defendant's guilt constituted testimonial statements covered by the Confrontation Clause of the United States Constitution and that such reports were inadmissible unless the defendant had the opportunity to cross-examine the lab analyst at trial.

Because the Commonwealth did not summon at trial the analyst who prepared Appellant's lab report, we conclude that Appellant's rights under the Confrontation Clause were violated and that the lab report showing her blood-alcohol content was inadmissible. Without that evidence, Appellant's conviction under § 3802(c) cannot stand and we therefore vacate her judgment of sentence as to that offense. Appellant has not raised a meritorious challenge to her conviction under § 3802(a) and we affirm her judgment of sentence

with respect to that charge. We remand this matter so that the trial court may, in the exercise of its sound discretion, reconsider its sentence in light of these determinations.

The record reflects the following factual and procedural history. On January 3, 2008, Officer Jedadiah Shearer of the Penn Township Police Department observed a vehicle run a red light. Thereafter, Officer Shearer followed the vehicle and observed it speeding and weaving within the lane. Approximately one half-mile later, Officer Shearer activated his overhead lights and executed a traffic stop of the vehicle. Officer Shearer identified Appellant as the driver. While speaking with Appellant, Officer Shearer smelled alcohol on her breath, noticed that her speech was slurred, and observed that she had glassy eyes. Appellant admitted to Officer Shearer that prior to driving she had consumed two alcoholic drinks at the Franklin House in Hanover.

After speaking with Appellant, Officer Shearer asked her to exit the vehicle to perform a number of field sobriety tests. Those tests included the Horizontal Gaze Nystagmus, the Walk and Turn, and the One Leg Stand. Appellant also agreed to submit to a Preliminary Breath Test. Appellant failed all of the field sobriety tests. Consequently, Officer Shearer determined that she was incapable of safely operating a motor vehicle. Appellant was arrested and transported to Hanover Hospital for a legal blood draw.

---

1. 75 Pa.C.S.A. § 3802(a)(1) mandates that: "An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle."

2. 75 Pa.C.S.A. § 3802(c) mandates that: "An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the alcohol concentration in the individual's blood or breath is 0.16% or higher within two hours after the individual has driven, operated or been in actual physical control of the movement of the vehicle."

At approximately 1:20 a.m., Hanover Hospital laboratory phlebotomist, Deb Messersmith, drew Appellant's blood. The sample was later tested at the hospital by technologist Tracy Stewart. According to records from the hospital, the sample produced a blood alcohol content ("BAC") of .209%.

On February 6, 2008, Appellant waived a preliminary hearing in this matter. Formal arraignment occurred on June 5, 2008, and a bench trial occurred on November 25, 2008. Immediately prior to trial, Appellant's counsel orally moved the court to consider Appellant for acceptance into the Accelerated Rehabilitative Disposition ("ARD") program. The Commonwealth opposed the motion, stating that no application for ARD had been submitted. The trial court denied the motion and proceeded with trial.

At trial, Officer Shearer testified to the above facts and opined that, based on his education, training, and experience with drunk drivers, his observations of Appellant led him to conclude that she was intoxicated and could not safely operate a motor vehicle. The Commonwealth also presented the testimony of Michelle Lee, laboratory administrative director and custodian of records at Hanover Hospital. Ms. Lee's testimony was proffered to lay the foundation for admitting the report summarizing Appellant's blood test on the night in question. Ms. Lee testified to the chain of custody of the records in the lab, the equipment used for the testing, and the procedures for the test. Ms. Lee testified that the methods used by the lab are prescribed by the Pennsylvania Department of Health. Based upon Ms. Lee's testimony, the Commonwealth moved for the admission of Appellant's BAC test results into evidence. Appellant's counsel objected. The trial court overruled the objection and admitted the evidence.

On cross-examination, Ms. Lee admitted that, despite her knowledge regarding procedures in the lab, she was not the technologist who analyzed Appellant's blood. Rather, Ms. Lee explained that Tracy Stewart, under her supervision, had performed the test. The Commonwealth did not call Ms. Stewart to testify in its case-in-chief. Rather, Ms. Stewart was called by Appellant to provide additional testimony regarding the procedures and protocols used to test Appellant's blood alcohol content.

The trial court found Appellant guilty under §§ 3802(a)(1) and 3802(c) and sentenced her on January 26, 2009. Appellant filed post-sentence motions challenging, *inter alia,* the issues that she now raises on appeal. The trial court did not rule on Appellant's post-sentence motions within 120 days. Therefore, the post-sentence motions were deemed denied by operation of law. Pa.R.Crim.P. 720(B)(3)(a). This timely appeal followed.

Appellant presents four issues on appeal:

1. Whether the trial court abused its discretion in denying the [Appellant's] motion for admission into the [ARD] program?

2. Whether the [Appellant] was denied her constitutionally protected and guaranteed right to confront any witness brought against her.

3. Whether the record as developed by the Commonwealth during its case-in-chief was insufficient as a matter of law to allow into evidence the Blood Alcohol Content (BAC), as the test introduced by the Commonwealth was not declared to have been performed on other than whole blood, it was in fact not performed on whole blood, no conversion factor was identified and the conversion factor, even if declared and used, was not prov-

en to be reliable in the scientific community.

4. Whether the trial court abused its discretion in permitting the admission of the [Appellant's] BAC level into evidence, as the Commonwealth failed to lay the proper foundation required for admission.

Appellant's Brief at 4.[3]

For Appellant's first issue she challenges the trial court's denial of her motion for admission into ARD. Appellant's Brief at 26–29. According to Appellant, she was denied the opportunity to apply for ARD and therefore, the trial court abused its discretion by not *sua sponte* compelling her entry into the program. *Id.* at 26. In support of that argument Appellant relies on *Commonwealth v. Fleming*, 955 A.2d 450 (Pa.Super.2008), claiming that where the criteria for admission into ARD is "wholly, patently and without doubt unrelated to the protection of society and/or the likelihood of a person's success in rehabilitation," an abuse of discretion is present. Appellant's Brief at 26 (emphasis removed), citing *Fleming*, 955 A.2d at 453.

■ This case, however, is distinguishable from *Fleming*. Specifically, the whole quotation from *Fleming* and relied upon by Appellant states that:

absent an abuse of that discretion involving some criteria wholly, patently

and without doubt unrelated to the protection of society and/or likelihood of a person's success in rehabilitation, **such as race, religion or other such obviously prohibited considerations,** the district attorney is free to make his decision based upon what is most beneficial to society and the offender.

*Fleming*, 955 A.2d at 453 (emphasis added). Therefore, while Appellant attempts to rely upon gratuitous language from *Fleming*, that language, taken in context, grants the district attorney wide discretion to admit or deny entry into the ARD program. *Id.* Under *Fleming*, the district attorney may consider whatever is most beneficial to society and the offender; the prosecution is barred only from considering impermissible criteria, such as race, religion, or other obviously prohibited factors. *Id.* In this case, Appellant presents no argument that her exclusion from ARD was based upon a factor such as her race, religion, "or other such obviously prohibited consideration[ ]." Thus, Appellant has not established that the district attorney abused his discretion in denying Appellant's admission to the ARD program.

The fact that the district attorney did not abuse his discretion is underscored by the fact that Appellant never even applied for admission into the ARD program.[4] Therefore, there was no denial of an appli-

---

**3.** On June 26, 2009, the trial court ordered Appellant to submit a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925. That statement was submitted on July 8, 2009, and on October 13, 2009, the trial court issued its Rule 1925 opinion. We have reordered Appellant's issues to facilitate analysis of those issues in a more logical order.

**4.** Appellant contends that her counsel attempted to obtain the ARD application from the district attorney, but was told that Appellant was precluded from participating in the program because she had a Probation Be-

fore Judgment disposition in Maryland. As a result, Appellant never received an ARD application. Appellant's Brief at 27. The Commonwealth does not concede that this occurred. Commonwealth's Brief at 18. Furthermore, the Commonwealth argues that Appellant did not follow the appropriate procedures established in York County to be accepted into the program; therefore she was denied admission. *Id.* The record does not clearly establish what occurred; however, there is no doubt that Appellant never completed and filed an application for admission to the ARD program.

cation properly presented to the trial court. It was not for the court to speculate on the contents of that application and/or what the District Attorney's reaction to it would have been; absent a timely filed application, as was submitted in *Fleming,* it was not an abuse of discretion for the trial court to deny Appellant's admission into the program. Appellant's first issue on appeal lacks merit.

■ Turning now to Appellant's second issue, Appellant alleges that admission of the results of her BAC test violated her right of confrontation under the Sixth Amendment to the United States Constitution. Appellant's Brief at 13–17. In support of that argument, Appellant relies on the recent United States Supreme Court holding in *Melendez–Diaz, supra.*

In *Melendez–Diaz,* the Supreme Court determined that the admission of certificates showing the results of forensic analysis performed on seized substances in a cocaine trafficking trial violated the Sixth Amendment. *Melendez–Diaz,* 129 S.Ct. at 2532. The Supreme Court held that the certificates in question were not typical business records capable of admission through the testimony of a document custodian. *Id.* at 2538–2540. Rather, the Supreme Court reasoned that lab reports admitted to prove an element of a crime (in that case, that a certain substance was cocaine), are not kept in the "regular course of business," but are created and calculated for use in court. *Id.* at 2540 ("Whether or not [the lab tests] qualify as business records, the analysts' statements here—prepared specifically for use at [defendant's] trial—were against [defendant], and the analysts were subject to confrontation under the Sixth Amendment."). Therefore, the records serve as direct "testimony" against the defendant, to which the defendant is entitled to confrontation. *See id.*

Based upon this reasoning, the Supreme Court held that, "[a]bsent a showing that the analysts [of the cocaine] were unavailable to testify at trial *and* that petitioner had a prior opportunity to cross-examine them, petitioner was entitled to 'be confronted with' the analysts at trial." *Id.* (bolded emphasis added, italics in original), *citing Crawford v. Washington,* 541 U.S. 36, 54, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). In reversing the trial court's judgment, the Supreme Court concluded that "[t]he Sixth Amendment does not permit the prosecution to prove its case via *ex parte* out-of-court affidavits, and the admission of such evidence . . . was error." *Id.* at 2542.

In this matter, Appellant argues that pursuant to *Melendez–Diaz,* the admission of her BAC test result, without establishing the unavailability of the laboratory analyst, was a violation of her Sixth Amendment right to confrontation and therefore an error of law. Appellant's Brief at 13–17. We agree. Specifically, to be convicted of 75 Pa.C.S.A. § 3802(c) (highest rate), the Commonwealth was required to prove, beyond a reasonable doubt, that Appellant's BAC within two hours after operating a vehicle was 0.16% or higher. To establish that element, the Commonwealth introduced a lab report, and offered testimony from the custodian of records for Hanover Hospital to establish that Appellant's BAC result constituted a business record. The trial court admitted the lab report on that ground. The Commonwealth did not present the laboratory technician who performed the test on Appellant's blood sample. Therefore, that portion of the Commonwealth's case that was dependant upon Appellant's BAC level was proven with the very type of *ex parte* out-of-court report ruled inadmissible (without the opportunity for confrontation) in *Melendez–Diaz.*

Consequently, pursuant to the Supreme Court's holding in *Melendez–Diaz*, absent a showing that the laboratory technician was unavailable, and the Appellant had a prior opportunity to cross-examine her, the laboratory technician's failure to testify in the Commonwealth's case-in-chief violated Appellant's Sixth Amendment right to confrontation. Because no showing of unavailability and prior cross examination was made, the admission of Appellant's BAC test results in this matter was an error of law.[5]

■■■ We also note that the testimony of the lab technician, Ms. Stewart, presented as part of Appellant's defense, and not as part of the Commonwealth's case-in-chief, was insufficient to satisfy Appellant's right to confrontation. Indeed, as expressly set forth by the Court in *Melendez–Diaz*, "the Confrontation Clause imposes a burden on the prosecution to present its witnesses, not on the defendant to bring those adverse witnesses into court." *Melendez–Diaz*, 129 S.Ct. at 2540. The Commonwealth failed to fulfill its burden in this matter.[6]

The Commonwealth does not disagree with the substance of this analysis, but attempts to argue that *Melendez–Diaz* should not apply retroactively. Commonwealth's Brief at 13. At oral argument, however, the Commonwealth conceded that given the United States Supreme Court's holding in *Briscoe v. Virginia*, —— U.S. ——, 130 S.Ct. 1316, —— L.Ed.2d —— (2010), *Melendez–Diaz* does apply retroactively. Indeed, in *Briscoe*, a case with factual circumstances similar to *Melendez–Diaz*, the United States Supreme Court vacated a judgment from the Supreme Court of Virginia and remanded the case for further proceedings consistent with *Melendez–Diaz*. *Id.* Therefore, given that the Supreme Court has instructed the Commonwealth of Virginia to apply *Melendez–Diaz* retroactively, we see no reason to apply a different rule here.

The Commonwealth of Virginia is not the only jurisdiction where current precedent has been called into question by *Melendez–Diaz*. Indeed, in *Commonwealth v. Carter*, 593 Pa. 562, 932 A.2d 1261 (2007), our own Supreme Court held that a police crime lab report fell within the business records exception to the hearsay rule, and therefore admission of the report did not violate the Confrontation Clause. Also, in *Commonwealth v. Kravontka*, 384 Pa.Super. 346, 558 A.2d 865 (1989), we held that admission of a blood test by way of the business records exception for the purpose of proving driving under the influence of alcohol did not violate the Confrontation Clause.[7] *Carter* and *Kravontka*

---

5. We are unconvinced that the testimony of the custodian of records on behalf of the Commonwealth distinguishes this case from *Melendez–Diaz*. In reaching this determination, we acknowledge that the prosecution in *Melendez–Diaz* did not present the testimony of any lab personnel, but instead sought the admission of the test results solely through affidavits. *Melendez–Diaz*, 129 S.Ct. at 2531. However, as set forth above, the Supreme Court expressly held that the certificates in question were not typical business records capable of admission through the testimony of a custodian. *Id.* at 2538–2540. Therefore, the holding of *Melendez–Diaz* applies with equal force to this case.

6. Appellant's next two issues challenge the admission of her BAC test into evidence on alternative grounds. Appellant's Brief at 17–22 & 22–26. Given that we hold that pursuant to *Melendez–Diaz*, admission of the BAC test in these circumstances was an error of law, any alternative argument challenging the BAC test's admission is moot and need not be addressed. *In re T.J.*, 699 A.2d 1311, 1313 (Pa.Super.1997).

7. We note that the Commonwealth cites to *Kravontka* in support of its opposition to Appellant's argument, however the Commonwealth provides no analysis as to how *Kravontka* is distinguishable from *Melendez–Diaz*.

both turned aside Confrontation Clause challenges and admitted "testimonial" lab reports under the business records exception to the hearsay rule. For these reasons, Pennsylvania precedent appears now to stand in direct conflict with *Melendez–Diaz*.[8] *See Marbury v. Madison,* 1 Cranch 137, 5 U.S. 137, 2 L.Ed. 60 (1803) (famously holding that the United States Supreme Court is the ultimate arbiter of the federal Constitution).

Given that conviction under 75 Pa.C.S.A. § 3802(c) (highest rate) requires BAC results, the admission of which was an error of law in this case, the Commonwealth's evidence was insufficient to sustain Appellant's conviction under that statute. Consequently, we reverse Appellant's conviction under § 3802(c). However, Appellant presents no argument challenging her conviction under 75 Pa.C.S.A. § 3802(a) (general impairment). Indeed, even without the BAC result, the record establishes that at the time of arrest Appellant was found unable to safely operate a motor vehicle. Therefore we affirm Appellant's conviction under § 3802(a).

██ Where an individual receives multiple convictions for driving under the influence of alcohol which arise out of a single episode, the trial court may impose only one sentence. *Commonwealth v. Williams,* 871 A.2d 254, 261 (Pa.Super.2005). Thus, our reversal of Appellant's conviction under § 3802(c) has potentially upset the trial court's overall sentencing scheme. Consequently, we remand for resentencing under § 3802(a).

In sum, we reverse Appellant's conviction for 75 Pa.C.S.A. § 3802(c). We affirm Appellant's conviction for 75 Pa.C.S.A.

§ 3802(a), and we remand for resentencing for conviction under 75 Pa.C.S.A. § 3802(a).

Judgment of sentence affirmed in part and reversed in part. Case remanded for resentencing. Jurisdiction relinquished.

---

Commonwealth's Brief at 13–14. Our review of that decision leads us to conclude that such a distinction does not exist.

8. The Appendix to the *Melendez–Diaz* decision goes so far as to cite *Carter* as a current state decision affected by its holding. *Melendez–Diaz,* 129 S.Ct. at 2559.