**COMMONWEALTH of Pennsylvania,
Appellee**

v.

**Mary A. DYARMAN, Appellant.**

Superior Court of Pennsylvania.

Argued Aug. 24, 2011.
Filed Nov. 16, 2011.

Drew F. Deyo, Carlisle, for appellant.

Joshua M. Yohe, Assistant District Attorney, Carlisle, for Commonwealth, appellee.

BEFORE: GANTMAN, LAZARUS and OLSON, JJ.

OPINION BY OLSON, J.:

Appellant, Mary A. Dyarman, appeals from the judgment of sentence entered on January 4, 2011, as made final by denial of her post-sentence motion, directing her to serve 30 days to six months incarceration, plus fines and costs, for convictions of two counts of driving under the influence ("DUI"), 75 Pa.C.S.A. § 3802(a)(1) (general impairment)[1] and 75 Pa.C.S.A. § 3802(b) (high rate).[2] We affirm.

The record reveals the relevant factual and procedural background of this matter as follows:

On November 28, 2009, Corporal James Patterson initiated a traffic stop of a vehicle being driven by Appellant. At that time, Corporal Patterson determined that Appellant was incapable of the safe operation of a motor vehicle because of the influence of alcohol. Corporal Patterson arrested Appellant and transported her to the booking station of the Cumberland County Prison.

While at the booking station, Corrections Officer, Rodney Gsell, took over the processing of Appellant's case. Officer Gsell administered a breath test to Appellant, which determined that Appellant's blood alcohol content ("BAC") was .117%. Appellant was formally charged with two counts of DUI.

On October 29, 2010, Appellant submitted to a bench trial of those charges. During the trial, the Commonwealth presented the testimony of Officer Gsell. Through Officer Gsell's testimony, the Commonwealth moved for the admission of the calibration and accuracy logs for the Intoxilyzer 5000 EN, which is the device that Officer Gsell used to test Appellant's BAC. Appellant objected to the admission of the calibration logs, claiming that pursuant to the United States Supreme Court's decision in *Melendez–Diaz v. Massachusetts*, 557 U.S. 305, 129 S.Ct. 2527, 174 L.Ed.2d 314 (2009), admission of the test logs would violate Appellant's rights under the confrontation clause of the Sixth Amendment of the United States Constitution since Officer Gsell was not the individual who performed the calibration tests of the device. The trial court overruled Appellant's objection and admitted the calibration logs.

The trial court found Appellant guilty of both counts of DUI, and thereafter sentenced her to 30 days to six months' incarceration, plus costs and fees. Appellant filed a post-sentence motion, again claiming that admission of the breathalyzer calibration logs, without the testimony of the

1. 75 Pa.C.S.A. § 3802(a)(1), general impairment, mandates that: "An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle."

2. 75 Pa.C.S.A. § 3802(b), high rate, mandates that: "An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the alcohol concentration in the individual's blood or breath is at least 0.10% but less than 0.16% within two hours after the individual has driven, operated or been in actual physical control of the movement of the vehicle."

individual performing the calibration, violated her rights under the confrontation clause. The trial court denied that motion and this appeal followed.

Appellant presents one issue for appeal: Did the trial court commit an abuse of discretion and commit an error of law by admitting breath test results into evidence, where the Commonwealth failed to lay a proper foundation for the admissibility of said results insofar as the accuracy and calibration certificate of the breath test machine was introduced, in clear violation of *Melendez–Diaz v. Massachusetts* [557 U.S. 305], 129 S.Ct. 2527 [174 L.Ed.2d 314] (U.S.2009), and in violation of Appellant's Sixth Amendment right to confrontation, without the testimony of the lab technician(s) who prepared the certificate and performed the testing?

Appellant's Brief at 6.[3]

■ Whether Appellant was denied her right to confront a witness under the confrontation clause of the Sixth Amendment is a question of law for which our standard of review is *de novo* and our scope of review is plenary. *Commonwealth v. Atkinson*, 987 A.2d 743, 745 (Pa.Super.2009).

The confrontation clause of the Sixth Amendment to the United States Constitution, applicable to the states through the Fourteenth Amendment, provides that "[i]n all criminal prosecutions, the accused shall enjoy the right … to be confronted with the witness against him."[4] In *Crawford v. Washington*, 541 U.S. 36, 68, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), the United States Supreme Court held that the confrontation clause bars the government from introducing the "testimonial" statements of a witness who does not testify at trial, unless the government shows that the witness is unavailable to testify and that the defendant had a prior opportunity to cross-examine the witness about the hearsay statements.

In *Melendez–Diaz*, the Supreme Court considered its decision in *Crawford* and determined:

that the admission of certificates showing the results of forensic analysis performed on seized substances in a cocaine trafficking trial violated the Sixth Amendment. *Melendez–Diaz*, 129 S.Ct. at 2532. The Supreme Court held that the certificates in question were not typical business records capable of admission through the testimony of a document custodian. *Id.* at 2538–2540. Rather, the Supreme Court reasoned that lab reports admitted to prove an element of a crime (in that case, that a certain substance was cocaine), are not kept in the "regular course of business," but are created and calculated for use in court. *Id.* at 2540 ("Whether or not [the lab tests] qualify as business records, the analysts' statements here-prepared specifically for use at [defendant's] trial-were against [defendant], and the analysts were subject to confrontation under the Sixth Amendment."). Therefore, the records serve as direct "testimony" against the defendant, to which the defendant is entitled to confrontation. *See id.*

---

3. On February 16, 2011, the trial court ordered Appellant to submit a concise statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellant Procedure 1925(a). Appellant filed her concise statement on March 7, 2011. The trial court did not file a Rule 1925 opinion.

4. Moreover, though not specifically asserted by Appellant, Article 1, Section 9 of the Pennsylvania Constitution provides: "In all criminal prosecutions the accused hath a right … to be confronted with the witnesses against him…."

*Commonwealth v. Barton–Martin,* 5 A.3d 363, 368 (Pa.Super.2010). Based upon that reasoning, the Supreme Court in *Melendez–Diaz* relied upon *Crawford* to conclude that "[a]bsent a showing that the analysts [of the cocaine] were unavailable to testify at trial and that petitioner had a prior opportunity to cross-examine them, [the defendant] was entitled to 'be confronted with' the analysts at trial." *Melendez–Diaz,* 129 S.Ct. at 2540 (emphasis in original), *citing Crawford,* 541 U.S. at 54, 124 S.Ct. 1354.

We recently applied the Supreme Court's holdings in *Crawford* and *Melendez–Diaz* to a DUI matter in which the defendant was charged with, among other crimes, DUI highest rate. *Barton–Martin,* 5 A.3d at 368. There, we explained that:

> to be convicted of 75 Pa.C.S.A. § 3802(c) (highest rate), the Commonwealth was required to prove, beyond a reasonable doubt, that [the defendant's] BAC within two hours after operating a vehicle was 0.16% or higher. To establish that element, the Commonwealth introduced a lab report, and offered testimony from the custodian of records for Hanover Hospital to establish that [the defendant's] BAC result constituted a business record. The trial court admitted the lab report on that ground. The Commonwealth did not present the laboratory technician who performed the test on Appellant's blood sample. Therefore, that portion of the Commonwealth's case that was dependent upon [the defendant's] BAC level was proven with the very type of ex parte out-of-court report ruled inadmissible (without the opportunity for confrontation) in *Melendez–Diaz.*

*Id.* at 368. Consequently, pursuant to the Supreme Court's holding in *Melendez–Diaz,* we held in *Barton–Martin* that, "ab-

sent a showing that the laboratory technician was unavailable, and the [defendant] had a prior opportunity to cross-examine her, the laboratory technician's failure to testify in the Commonwealth's case-in-chief violated [the defendant's] Sixth Amendment right to confrontation." *Id.* at 369.

■ Significant in *Crawford, Melendez–Diaz,* and *Barton–Martin* was the "testimonial" nature of the statements which the prosecution sought to admit: the statements were prepared in anticipation of litigation of a particular case, and were necessary to prove an element of the crime charged. For example, in *Melendez–Diaz* the challenged certificate was used to prove that the seized substance was cocaine, and in *Barton–Martin* the proffered test result was used to prove that the defendant's BAC was .16% or higher. *Melendez–Diaz,* 129 S.Ct. at 2531; *Barton–Martin,* 5 A.3d at 368. A prior statement that is not "testimonial," however, does not implicate the confrontation clause and is admissible, so long as it falls within a hearsay exception. *Davis v. Washington,* 547 U.S. 813, 821, 126 S.Ct. 2266, 165 L.Ed.2d 224 (2006); *see also Crawford,* 541 U.S. at 68, 124 S.Ct. 1354 ("Where nontestimonial hearsay is at issue, it is wholly consistent with the [Constitution's] Framers' design to afford the States flexibility in their development of hearsay law.")

In this matter, unlike in *Barton–Martin,* the individual who actually performed Appellant's BAC analysis (Officer Gsell) testified as to the accuracy of that test and as to the specific results received with regard to Appellant. Nevertheless, Appellant claims that admission of the calibration logs for the device used to determine Appellant's BAC, without the testimony of the person who performed the actual calibration, violated her right under the confrontation clause. Appellant's Brief at 10–

15. Appellant argues that the calibration logs are testimonial in nature, such that application of *Melendez–Diaz* and *Barton–Martin* should prohibit their admission through the business records exception of the hearsay rule. *Id.* at 13. We disagree.

■ Here, the calibration logs were admitted into evidence to establish the chain of custody and accuracy of the device used to test Appellant's BAC; they were not created in anticipation of Appellant's particular litigation, or used to prove an element of a crime for which Appellant was charged. Therefore, although relevant evidence, the logs were not "testimonial" for purposes of the protections afforded by the confrontation clause, as contemplated by *Crawford, Melendez–Diaz,* and *Barton–Martin.* In *dicta,* the Supreme Court in *Melendez–Diaz* specifically explained that:

> we do not hold, and it is not the case, that anyone whose testimony may be relevant in establishing the chain of custody, authenticity of the sample, or accuracy of the testing device, must appear in person as part of the prosecution's case. While ... it is the obligation of the prosecution to establish the chain of custody, this does not mean that everyone who laid hands on the evidence must be called.

*Melendez–Diaz,* 129 S.Ct. at 2532 n. 1 (internal citations and quotations omitted).

Consequently, we hold that calibration logs of a BAC testing device are not testimonial evidence and that such reports may be admitted into evidence without the testimony of the person who created the report, so long as their admission qualifies under the standard rules of evidence, for example as an exception to the hearsay rule. Therefore, admission of the calibration logs based, in this case, upon the business records exception to the hearsay rule, or alternatively because it met the criteria set forth in 75 Pa.C.S.A. § 1547

(addressing the admissibility and evidentiary use of chemical test results to determine the amount of alcohol or controlled substance), did not violate Appellant's Sixth Amendment right to confrontation.

Judgment of sentence affirmed.