J-S76029-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| FRED WILSON | |
| Appellant | No. 1373 EDA 2017 |

Appeal from the PCRA Order entered April 9, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0108842-1997

BEFORE: PANELLA, STABILE, and PLATT,[*] JJ.

MEMORANDUM BY STABILE, J.: **FILED FEBRUARY 12, 2018**

Appellant, Fred Wilson, appeals *pro se* from the April 9, 2014 order entered in the Court of Common Pleas of Philadelphia County, denying as untimely Appellant's second petition for collateral relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. Following review, we affirm.

The PCRA court provided the following procedural history:

Following a jury trial, before the Honorable Judge Darnell C. Jones II, [Appellant] was found guilty of first degree murder, robbery, and criminal conspiracy. On October 6, 1997, [Appellant] was sentenced to life in prison for the murder charge, ten to twenty years for the robbery charge, and five to ten years for the charge of criminal conspiracy. [Appellant] filed a direct appeal. The

_____

[*] Retired Senior Judge assigned to the Superior Court.

Superior Court affirmed the judgment of sentence on December 16, 1999, and the Pennsylvania Supreme Court denied *allocatur* on May 15, 2001.

[Appellant] filed his first timely PCRA petition on March 14, 2002. Counsel was appointed and an amended PCRA petition was filed on April 18, 2005. After a further *pro se* filing by [] Appellant, appointed counsel filed a supplemental PCRA petition on February 28, 2007. The court ultimately denied his petition on September 18, 2007. The Superior Court affirmed the denial of his petition on January 26, 2009 and the Supreme Court denied a petition for allowance of appeal on August 19, 2009.

[Appellant] filed his current post conviction petition of August 2, 2012.

PCRA Court Opinion, 4/9/14, at 1. The court explained that it conducted "a diligent and exhaustive review of the record and applicable case law," and determined Appellant's petition was "patently untimely." ***Id.*** Therefore, the court lacked jurisdiction to consider the petition and dismissed it. ***Id.***

By order entered on April 10, 2017, the PCRA court granted Appellant's request for *nunc pro tunc* reinstatement of his rights to appeal the April 9, 2014 dismissal of his petition. This timely appeal followed. The PCRA court did not direct Appellant to file a Rule 1925(b) statement of errors complained of on appeal and the PCRA court did not issue an opinion supplementing its April 9, 2014 opinion.

Appellant presents one issue for our consideration:

Whether Appellant suffered actual prejudice resulting from trial/appellate/PCRA counsel ineffectiveness, and, if so, whether the PCRA court's refusal to consider Appellant's request for nunc pro tunc reinstatement of his right to direct appeal based on the determination that his claim relating to ineffective assistance for failing to protect Appellant's right on direct appeal to challenge

- 2 -

the trial court's error in admitting the videotaped confession that his non-testifying codefendant gave to police was previously litigated or waived, is supported by de facto findings in the certified record and is free of legal error?

Appellant's Brief at 4.

As a threshold matter, we must determine whether the PCRA court erred in dismissing Appellant's PCRA petition as untimely. The PCRA contains the following provisions governing the timeliness of any PCRA petition:

**(b) Time for filing petition.—**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

(3) For purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court

of Pennsylvania, or at the expiration of time for seeking the review.

42 Pa.C.S.A. § 9545(b). The PCRA's timeliness provisions are jurisdictional. ***Commonwealth v. Ali***, 86 A.3d 173, 177 (Pa. 2014).

The record reflects that our Supreme Court denied Appellant's petition for allowance of appeal on May 15, 2001. Appellant did not seek a writ of certiorari to the United States Supreme Court. As a result, Appellant's judgment of sentence became final on August 13, 2001, when the time for Appellant to file a petition for a writ of certiorari expired. ***See*** 42 Pa.C.S.A. § 9545(b)(3); U.S. Sup.Ct. R. 13(1). Therefore, to be timely, Appellant was required to file his petition by August 13, 2002. Because Appellant filed the instant petition on August 2, 2012, it was patently untimely because it was filed nearly ten years past the deadline.

Appellant contends that the § 9545(b)(1)(iii) after-recognized constitutional right exception applies in this case. Specifically, Appellant avers that the United States Supreme Court's decision in ***Melendez-Diaz v. Massachusetts***, 557 U.S. 305 (2009) and this Court's analogous case of ***Commonwealth v. Barton-Martin***, 5 A.3d 363 (Pa. Super. 2010), apply retroactively and save his case from the PCRA's time bar.

Appellant's contention fails. First, as the PCRA court correctly observed, a petitioner raising the after-recognized constitutional right exception has sixty days to raise the issue. 42 Pa.C.S.A. § 9545(b)(2). PCRA Court Opinion, 4/9/14, at 3 (unnumbered). However, Appellant's petition was filed more than

- 4 -

sixty days after both decisions. Therefore, Appellant's attempt to invoke the after-recognized constitutional right exception fails. *See Commonwealth v. Boyd*, 923 A.2d 513, 517 (Pa. Super. 2007).

Further, as the PCRA court recognized, *Melendez-Diaz* does not apply to Appellant's case. While *Melendez-Diaz* applies retroactively to cases on direct appeal, this Court determined that the case does not apply retroactively to cases on collateral review. *Id.* (citing *Commonwealth v. Brandon*, 51 A.3d 231, 236 (Pa. Super. 2012) and *Commonwealth v. Leggett*, 16 A.3d 1144, 1147 n.8 (Pa. Super. 2011)). Therefore, even if Appellant filed his petition within 60 days of *Melendez-Diaz* or *Barton-Martin*, those cases would not save his petition from the PCRA's time bar because their retroactive application is limited to cases on direct appeal.

We agree with the PCRA court that Appellant's petition was untimely filed and that the PCRA court did not have jurisdiction to entertain its merits. Likewise, this Court is without jurisdiction to consider the merits, if any, of the petition. Therefore, we shall affirm the April 9, 2014 order dismissing the August 2012 petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/12/18