J-A15023-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NAQUAN MAURICE JOHNSON | : | |
| | : | |
| Appellant | : | No. 1975 MDA 2017 |

Appeal from the Judgment of Sentence October 25, 2017
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0002696-2017

BEFORE:  PANELLA, J., MURRAY, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY MURRAY, J.:                              **FILED JULY 02, 2018**

Naquan M. Johnson (Appellant) appeals from the judgment of sentence imposed after a jury convicted him of receiving stolen property[1] (RSP) and two firearms offenses.  We reverse the conviction of RSP and vacate that judgment of sentence, but affirm the remaining convictions and judgments of sentence.

Appellant was charged with, *inter alia*, RSP, persons not to possess firearms, and firearms not to be carried without a license.[2]  The case proceeded to a jury trial on September 11, 2017 before the Honorable John

---

[1] 18 Pa.C.S.A. § 3925(a).  As we discuss **infra**, the Pa.R.A.P. 1925(a) opinion, authored by a judge reassigned to this case after the trial judge retired, agrees with Appellant that the evidence was insufficient to establish RSP.

[2] 18 Pa.C.S.A. §§ 6105(a), 6106(a).

S. Kennedy. As this appeal focuses on the sufficiency of the evidence for RSP, we review the relevant evidence presented at trial. The Commonwealth presented four witnesses. First, Maggie Russ testified that on May 22, 2009, she reported to police that her gun was missing from her home, and she provided the gun's serial number. N.T. Trial Vol. II, 9/12/17, at 57, 64. Russ stated that she did not give anyone permission to borrow, use, take, or store the gun, and that she did not know Appellant. *Id.* at 60. The Commonwealth presented the gun the police recovered from Appellant, and Russ identified it as hers. *Id.* at 59. The parties stipulated that the gun was a .45 semi-automatic pistol. *Id.* at 91.

York City Police Officer Daniel Kling testified that on March 29, 2017, he was in the front passenger seat of a patrol car driven by Officer Matthew Irvin, and Officer Vincent Monte was in the rear seat. They were on patrol and looking for a particular individual who "was wanted on a homicide." N.T. Trial Vol. II, 9/12/17, at 66. The officers saw two men walking with their sweatshirt hoods pulled up "and the strings pulled tight," such that no one could see their faces. *Id.* The officers slowed the patrol car and as it passed the men, one of them, Appellant, turned and ran in the opposite direction. Officer Kling saw Appellant run on the sidewalk and throw a gun over a six-foot gate into a breezeway. Officer Kling immediately told the other officers what he saw. Officers Kling and Monte then pursued Appellant on foot and eventually took him into custody. Meanwhile, Officer Irvin recovered the gun, which was still

in the breezeway.

Officer Irvin also testified to the events leading to Appellant's arrest, consistent with Officer Kling's account. Officer Irvin stated that when he recovered the gun, the serial number was not filed off and he could read it. The officer also testified that he later learned that the gun was reported stolen in 2009. N.T. Trial Vol. II, 9/12/17, at 79, 82.

Finally, Officer Monte corroborated the other two officers' account of events. The parties then stipulated that, *inter alia*, Appellant was a person not to possess a firearm, and the Commonwealth rested its case. Appellant did not testify or present any evidence.

In its closing argument, the Commonwealth acknowledged that it did not know who stole Russ's gun. *Id.* at 115. With respect to the charge of RSP, the Commonwealth argued that the parties' stipulation — that Appellant was prohibited from having a firearm — established Appellant's knowledge or belief that the gun was probably stolen. The Commonwealth stated that Appellant could not purchase a firearm nor apply to own one and posited:

> So how is [Appellant] going to get [a gun]?

> \* \* \*

> Now, to receive stolen property, you can either be the person who stole it; or if I steal this gun and give it to Officer Kling and he knows, or goes, doesn't look like he paid for this, I think he probably stole it and he believes I stole it, he's committed that crime because I would be giving him a really good price on this gun [sic]. He knows he's not allowed to have a gun but I'm selling it to him anyway.

All of that would lead him to believe that gun was stolen, and all the Commonwealth has to do is prove it had probably been stolen, that's it, not that he stole it, but it had probably been stolen.

And I would argue to you the fact that he can't go in a store and buy one, the means by which he can get a firearm indicate circumstantially that he knew or should have known that gun was stolen at the time received it, at the time he took it into his possession[.]

*Id.* at 114-15.

The jury found Appellant guilty of RSP, persons not to possess a firearm, and carrying a firearm without a license. On October 25, 2017, the trial curt imposed the following sentences, all to run concurrently: (1) on RSP — 15 to 30 months' imprisonment; (2) on firearms not to be carried without a license — 24 to 48 months' imprisonment; and (3) on persons not to possess firearms — 36 to 72 months' imprisonment.

Appellant filed a timely post-sentence motion, arguing, *inter alia*, that the evidence was insufficient to show that he knew or should have known that the gun was stolen, as required for the RSP conviction. On November 22, 2017, the trial court conducted a hearing and denied relief, concluding that the fact Appellant was not permitted to have a firearm was sufficient circumstantial evidence to prove that he knew the gun was stolen. Judge Kennedy also acknowledged that he would soon be retiring.

Appellant filed a timely notice of appeal and the case was reassigned to the Honorable Gregory M. Snyder. Appellant complied with the court's order to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. Judge

Snyder then authored an opinion, relying on **Commonwealth v. Robinson**, 128 A.3d 261 (Pa. Super. 2015) (*en banc*), and agreeing with Appellant that the evidence was insufficient to sustain a conviction for RSP.

On appeal, Appellant states his sufficiency issue as follows:

Whether the evidence was insufficient to sustain [Appellant's] receiving stolen property conviction and sentence where the only evidence adduced regarding knowledge that the gun in question had been stolen was the fact that it had been reported stolen eight years earlier.

Appellant's Brief at 4.

Citing the court's opinion and **Robinson**, Appellant avers that his conviction of RSP should be reversed because the evidence was insufficient to show he knew or believed the gun was probably stolen. *Id.* at 10-11. He acknowledges that circumstantial evidence may establish proof beyond a reasonable doubt, but maintains that in this case, there was only conjecture as to whether he had any reason to believe the gun was stolen. *Id.* at 12-14. Appellant contends that because eight years passed between the theft of Russ's gun and his possession of it, there was no "recent theft" on which guilty knowledge could be inferred. *Id.* at 12, *citing* **Robinson**, 128 A.3d at 27. Appellant also points out that the serial number on the gun was not damaged, there was nothing immediately apparent about the gun to indicate it was stolen, it is unknown when and how he came to possess the gun, and even if, as the Commonwealth argued at trial, he purchased the gun for a "really good price," such purchase would not establish his knowledge that the gun was

stolen. *Id.* at 13.

In response, the Commonwealth disregards the court's opinion suggesting that Appellant's RSP conviction should be reversed, and maintains that it presented sufficient circumstantial evidence to show Appellant knew the gun was stolen. It reiterates that it is undisputed that Appellant was prohibited from possessing a firearm, which "means that [he] cannot legally go into a store or gun shop and purchase a firearm," and thus "his means of obtaining a firearm would be limited to those of improper nature." Commonwealth's Brief at 11. The Commonwealth also contends that Appellant's flight when the officers passed him shows that he knew the gun was probably stolen.

We note the relevant standard of review:

Our standard of review for a challenge to the sufficiency of the evidence is *de novo*, but our scope of review is limited to considering the evidence of record, and all reasonable inferences arising therefrom, viewed in the light most favorable to the Commonwealth as the verdict winner. Evidence is sufficient if it can support every element of the crime charged beyond a reasonable doubt. The trier of fact, while passing upon the credibility of witnesses and the weight of the proof, is free to believe all, part, or none of the evidence.

*Robinson*, 128 A.3d at 264 (citations omitted). Our Supreme Court has stated:

[O]ur Court considers questions regarding the reliability of the evidence received at trial to be within the province of the finder-of-fact to resolve, and our Court will not, on sufficiency review, disturb the finder-of-fact's resolution except in those exceptional instances . . . where the evidence is so patently unreliable that the jury was forced to engage in surmise and conjecture in arriving

- 6 -

at a verdict based upon that evidence.

***Commonwealth v. Brown***, 52 A.3d 1139, 1165 (Pa. 2012) (citations omitted).

In ***Robinson***, this Court stated:

The crime of receiving stolen property is defined by statute as follows:

§ 3925. Receiving stolen property

**(a) Offense defined.—**A person is guilty of theft if he intentionally receives, retains, or disposes of movable property of another knowing that it has been stolen, or believing that it has probably been stolen, unless the property is received, retained, or disposed with intent to restore it to the owner.

18 Pa.C.S.A. § 3925(a). Based upon this definition, this Court has identified the elements of the crime, as relevant here, to be: (1) intentionally acquiring possession of the movable property of another; (2) with knowledge or belief that it was probably stolen; and (3) the intent to deprive permanently.

***Robinson***, 128 A.3d at 264-65 (some citations omitted). With respect to the second element above, the Commonwealth bears the burden to establish that the defendant knew the property was stolen or believed that it had probably been stolen. ***Id.*** at 265. In most cases, there is no direct proof that a defendant knew for a fact that property was stolen, and "guilty knowledge . . . may be inferred from circumstantial evidence." ***Id.*** Our Supreme Court has held that a jury may infer a defendant's "guilty knowledge" based on his unexplained possession of recently stolen property. ***Id.*** We explained:

In early cases, this Court sanctioned an evidentiary presumption that a defendant's unexplained possession of recently stolen property was sufficient proof to support a conviction of receiving

stolen property. . . . [O]ur Supreme Court, in ***Commonwealth v. Owens***, . . . 271 A.2d 230 (Pa. 1970), ruled that the old evidentiary presumption for recently stolen property violated due process." ***Robinson***, 128 A.3d at 266. However, "in ***Commonwealth v. Shaffer***, . . . 288 A.2d 727 (Pa. 1972), our Supreme Court . . . revisited this issue, ruling that while . . . a jury may not **presume** guilty knowledge based upon 'recency plus lack of explanation,' a jury can **infer** guilty knowledge based upon the same evidentiary showing.

***Robinson***, 128 A.3d at 266 (emphasis in original).

Additionally:

Circumstantial evidence of guilty knowledge may include, *inter alia*, the place or manner of possession, alterations to the property indicative of theft, the defendant's conduct or statements at the time of arrest (including attempts to flee apprehension), a false explanation for the possession, the location of the theft in comparison to where the defendant gained possession, the value of the property compared to the price paid for it, or any other evidence connecting the defendant to the crime.

***Id.*** at 268 (citations omitted). Nevertheless, "mere possession of stolen property, without more, is not sufficient circumstantial evidence to support an inference of guilty knowledge." ***Id.*** at 267 (citation omitted).

Finally, in ***Robinson***, this Court explained that there is no "registration process" for gun ownership in Pennsylvania. ***Id.*** at 270. "Instead, the only requirement in Pennsylvania before purchasing/transferring a firearm is to obtain an instant background check by the Pennsylvania State Police[,] performed at the place of business of a licensed importer, manufacturer, or dealer, or at a county sheriff's office. 18 Pa.C.S.A. § 6111(c)." ***Robinson***, 128 A.3d at 270. This Court held "the most that could be said [of the defendant's alleged failure to "register his ownership" of a gun] is that no

instant background check was performed in connection with [the defendant's] acquisition (by sale or transfer) of the weapon." ***Id.***

In this case, the court's Pa.R.A.P. 1925(a) opinion pointed out that the gun was not "recently" stolen; "nothing about the appearance of the firearm . . . would lead anyone to believe that it had probably been stolen"; and there was no evidence indicating how or when Appellant obtained the gun. Trial Court Opinion, 2/20/18, at 3. The court also reasoned that Appellant's flight upon seeing the police officers was circumstantial evidence merely showing that he knew he was not permitted to carry a firearm. Furthermore, with respect to the Commonwealth's contention that Appellant could not purchase a firearm, the court, citing ***Robinson***, reasoned "'the most that could be said is that no instant background check was performed" when Appellant acquired the gun. ***Id.*** at 3-4.

We agree with the court's reasoning and Appellant's argument. The relevant evidence presented at trial was that the gun was reported stolen eight years earlier, the gun's serial number was not altered, and that Appellant was observed fleeing from police and throwing the gun over a gate. The Commonwealth's rationale — that Appellant's prohibition from possessing a firearm "could suggest that [he] was offered a very low price for the gun," which in turn would indicate he should have known the gun was stolen — without any supporting evidence, is conjecture and cannot support the RSP conviction. ***See Brown***, 52 A.3d at 1165; Commonwealth's Brief at 11. As

the court observed, the Commonwealth presented no evidence connecting Appellant to the theft of the gun. Furthermore, although fleeing from police, as well as discarding the gun while fleeing, could be circumstantial evidence of a defendant's knowledge that property in his possession was stolen, **see Robinson**, 128 A.3d at 268, the court aptly noted that Appellant, who was prohibited from possessing a firearm, could have been acting to avoid a gun possession charge. Accordingly, even after considering the evidence in the light most favorable to the Commonwealth, we hold that the evidence was insufficient to establish Appellant knew the gun was stolen or believed that it had probably been stolen. **See id.** at 265. We therefore reverse Appellant's conviction of RSP and vacate the judgment of sentence of 15 to 30 months' imprisonment.

As stated above, Appellant's sentence for RSP was shorter than each of his sentences for the two firearms convictions, and was imposed concurrently. The court recognized that vacating the judgment of sentence for RSP would not disrupt the overall sentencing scheme. Trial Court Opinion, 2/20/18, at 4. Accordingly, we do not remand for resentencing. **Commonwealth v. Robinson**, 817 A.2d 1153, 1163 n. 14 (Pa. Super. 2003) (no need for remand if our decision does not alter the overall sentencing scheme); **Cf. Commonwealth v. Barton-Martin**, 5 A.3d 363, 370 (Pa. Super. 2010) (where vacating a sentence disrupts overall sentencing scheme, this Court will remand for resentencing).

Conviction for receiving stolen property reversed. Judgment of sentence for receiving stolen property vacated. Remaining convictions and judgments of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/2/18