J-A29032-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| PRECIOUS HUDSON | : | |
| | : | |
| Appellant | : | No. 573 WDA 2023 |

Appeal from the Judgment of Sentence Entered April 17, 2023
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0004432-2022

BEFORE: OLSON, J., LANE, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.: **FILED: FEBRUARY 6, 2025**

Appellant, Precious Hudson, appeals from the judgment of sentence of 3 to 6 days' incarceration and a concurrent term of 6 months' probation, imposed after she was convicted of driving under the influence (DUI) – highest rate of alcohol, 75 Pa.C.S. § 3802(c), and other related offenses. Appellant challenges the trial court's admission of a report detailing her blood alcohol content (BAC) test results, when the employee from the Allegheny County Medical Examiner's Office who analyzed her blood draw and drafted the report did not testify. After careful review, we vacate Appellant's judgment of sentence and remand for a new trial.

The facts underlying Appellant's conviction are unnecessary to our disposition of her appeal. We only briefly mention that on October 22, 2021, police officers responded to a report of a car accident involving a Jeep hitting multiple parked cars. *See* Appellant's Brief at 8. The owner and driver of the

Jeep, Appellant, was at the scene. *Id.* She was ultimately taken to the hospital where she consented to a blood draw. *Id.* at 9. The test of Appellant's blood indicated that her BAC was .241. *Id.*

On July 25, 2022, Appellant was charged with DUI – highest rate of alcohol, as well as DUI – general impairment (75 Pa.C.S. § 3802(a)(1)) and reckless driving (75 Pa.C.S. § 3736(a)). On December 20, 2022, she filed a pretrial motion to suppress, and a hearing was conducted on January 26, 2023. On March 8, 2023, the court denied the motion and immediately proceeded to Appellant's non-jury trial. At the close thereof, the court convicted Appellant of all counts with which she was charged. On April 17, 2023, it sentenced her to the aggregate term set forth *supra*.

Appellant filed a timely notice of appeal, and she and the court complied with Pa.R.A.P. 1925. Herein, she states one issue for our review: "Did the trial court err in admitting the blood draw results without analyst testimony in violation of [Appellant's] confrontation clause rights?" Appellant's Brief at 5 (unnecessary capitalization and emphasis omitted).

Pertinent to Appellant's issue, we note that at the start of her non-jury trial, the Commonwealth sought to admit a report detailing Appellant's BAC results. N.T. Trial, 3/8/23, at 4. The Commonwealth argued that the report was "admissible without a witness" under 75 Pa.C.S. § 1547(c), which states, in pertinent part:

> **(c) Test results admissible in evidence.--**In any summary proceeding or criminal proceeding in which the defendant is charged with a violation of section 3802 or any other violation of

this title arising out of the same action, the amount of alcohol or controlled substance in the defendant's blood, as shown by chemical testing of the person's breath or blood, which tests were conducted by qualified persons using approved equipment, shall be admissible in evidence.

(1) Chemical tests of breath shall be performed on devices approved by the Department of Health using procedures prescribed jointly by regulations of the Departments of Health and Transportation. Devices shall have been calibrated and tested for accuracy within a period of time and in a manner specified by regulations of the Departments of Health and Transportation. For purposes of breath testing, a qualified person means a person who has fulfilled the training requirement in the use of the equipment in a training program approved by the Departments of Health and Transportation. A certificate or log showing that a device was calibrated and tested for accuracy and that the device was accurate shall be presumptive evidence of those facts in every proceeding in which a violation of this title is charged.

(2)(i) Chemical tests of blood, if conducted by a facility located in this Commonwealth, shall be performed by a clinical laboratory licensed and approved by the Department of Health for this purpose using procedures and equipment prescribed by the Department of Health or by a Pennsylvania State Police criminal laboratory. For purposes of blood testing, qualified person means an individual who is authorized to perform those chemical tests under the act of September 26, 1951 (P.L. 1539, No. 389), known as The Clinical Laboratory Act.

(ii) For purposes of blood testing to determine blood alcohol or controlled substance content levels, the procedures and equipment prescribed by the Department of Health shall be reviewed within 120 days of the effective date of this subparagraph and at least every two years thereafter to ensure that consideration is given to scientific and technological advances so that testing conducted in accordance with the prescribed procedures utilizing the prescribed equipment will be as accurate and reliable as science and technology permit.

75 Pa.C.S. § 1547(c)(1), (2) (footnote omitted).

Appellant's counsel objected to the admission of the BAC report "without having someone from the Medical Examiner's Office present to authenticate the document." N.T. at 5. Counsel argued:

> [Defense Counsel]: As to the statute that the Commonwealth has presented, that statute requires these results are being done by a qualified person on qualified equipment. However, without having someone here from the Medical Examiner's Office … to authenticate these documents or to cross-examine, it's a violation of my client's Sixth Amendment right to confront their accusers, because I cannot cross-examine the officer as to the person who did the test, what their credentials were at the time of doing the testing, what specific machine they did the test on, and whether that machine was properly calibrated at that time.
>
> I'm basically being deprived of my duty to cross-examine the Commonwealth's witnesses and challenge their evidence if this lab is admitted without having anybody from the crime lab here.

*Id.* at 5-6. The court overruled Appellant's objection to the admission of the BAC report. *Id.* at 6. Later, when the Commonwealth actually moved to admit the BAC report into evidence, defense counsel renewed his objection, which was again overruled and the report was admitted. *Id.* at 16.

Appellant now contends that the admission of the report violated her confrontation clause rights. Initially, she notes that she did not stipulate to the admission of the BAC report. Additionally, Appellant argues, and the Commonwealth concedes, that the Pa.R.Crim.P. 574 procedure for admitting forensic reports without testimony by the person who performed the analysis was not met in this case. *See* Pa.R.Crim.P. 574 (directing that a forensic laboratory report may be admitted, "in lieu of testimony by the person who

performed the analysis or examination that is the subject of the report[,]" where, *inter alia*, the Commonwealth provides written notice to the defendant, and the defendant has time to respond with a demand that testimony be offered); **see also** Appellant's Brief at 16; Commonwealth's Brief at 8. Thus, Appellant contends that the court's admitting the report violated the United States Supreme Court's decision in **Melendez–Diaz v. Massachusetts**, 557 U.S. 305 (2009), where the United States Supreme Court "held that lab reports admitted to establish a defendant's guilt constitute[] testimonial statements covered by the Confrontation Clause of the United States Constitution and that such reports [are] inadmissible unless the defendant ha[s] the opportunity to cross-examine the lab analyst at trial." **Commonwealth v. Barton-Martin**, 5 A.3d 363, 365 (Pa. Super. 2010).

In **Barton-Martin**, another case relied on by Appellant herein, we held that the Commonwealth's failure to call to the stand the lab technician who performed the test on the appellant's blood precluded the admission of the BAC report. We explained:

> In **Melendez–Diaz**, the Supreme Court determined that the admission of certificates showing the results of forensic analysis performed on seized substances in a cocaine trafficking trial violated the Sixth Amendment. The Supreme Court held that the certificates in question were not typical business records capable of admission through the testimony of a document custodian. Rather, the Supreme Court reasoned that lab reports admitted to prove an element of a crime (in that case, that a certain substance was cocaine), are not kept in the "regular course of business," but are created and calculated for use in court. Therefore, the records serve as direct "testimony" against the defendant, to which the defendant is entitled to confrontation.

Based upon this reasoning, the Supreme Court held that, absent a showing that the analysts of the cocaine were unavailable to testify at trial and that petitioner had a prior opportunity to cross-examine them, petitioner was entitled to 'be confronted with' the analysts at trial. In reversing the trial court's judgment, the Supreme Court concluded that the Sixth Amendment does not permit the prosecution to prove its case via *ex parte* out-of-court affidavits, and the admission of such evidence … was error.

In this matter, [the a]ppellant argues that pursuant to **Melendez–Diaz**, the admission of her BAC test result, without establishing the unavailability of the laboratory analyst, was a violation of her Sixth Amendment right to confrontation and therefore an error of law. We agree. Specifically, to be convicted of 75 Pa.C.S.[] § 3802(c) (highest rate), the Commonwealth was required to prove, beyond a reasonable doubt, that [the a]ppellant's BAC within two hours after operating a vehicle was 0.16% or higher. To establish that element, the Commonwealth introduced a lab report, and offered testimony from the custodian of records for Hanover Hospital to establish that [the a]ppellant's BAC result constituted a business record. The trial court admitted the lab report on that ground. The Commonwealth did not present the laboratory technician who performed the test on [the a]ppellant's blood sample. Therefore, that portion of the Commonwealth's case that was dependant [*sic*] upon [the a]ppellant's BAC level was proven with the very type of *ex parte* out-of-court report ruled inadmissible (without the opportunity for confrontation) in **Melendez–Diaz**.

Consequently, pursuant to the Supreme Court's holding in **Melendez–Diaz**, absent a showing that the laboratory technician was unavailable, and the [a]ppellant had a prior opportunity to cross-examine her, the laboratory technician's failure to testify in the Commonwealth's case-in-chief violated [the a]ppellant's Sixth Amendment right to confrontation. Because no showing of unavailability and prior cross examination was made, the admission of [the a]ppellant's BAC test results in this matter was an error of law.

*Id.* at 368-69 (some citations and quotation marks omitted).

Appellant insists that here, as in **Barton-Martin**, the trial court's admission of the BAC report without the testimony of the laboratory

technician, or a showing he/she was unavailable and that Appellant had a prior opportunity to cross-examine him/her, constitutes reversible error. She argues that

> [i]f the test result is admitted solely through [s]ection 1547(c), the defense cannot probe whether the analyst lied or was proficient, nor challenge other topics involving how the test was conducted. Furthermore, even if one were to assume that a listing in the Pennsylvania Bulletin means that the testing process is reliable, the right to confront the witnesses from the laboratory is still necessary. As **Crawford** [**v. Washington**, 541 U.S. 36 (2004),] reasoned, "Dispensing with confrontation because testimony is obviously reliable is akin to dispensing with [a] jury trial because a defendant is obviously guilty. This is not what the Sixth Amendment prescribes."

Appellant's Brief at 23 (quoting **Crawford**, 541 U.S. at 62).

Notably, the Commonwealth concedes that Appellant is correct, and that a new trial is warranted. **See** Commonwealth's Brief at 4. We appreciate the Commonwealth's candor with this Court. Under the rationale of **Melendez-Diaz** and **Barton-Martin**, we agree with both parties that Appellant's confrontation clause rights were violated by the admission of the BAC report without the testimony — or proven unavailability — of the laboratory technician who performed the test on Appellant's blood sample.[1] Accordingly, we vacate Appellant's judgment of sentence and remand for a new trial.

---

[1] We disagree with the trial court that Appellant waived her challenge to the admission of the BAC report. **See** TCO at 12 (unnumbered). Appellant clearly objected to the admission of the report as violative of her confrontation clause rights. **See** N.T. at 5-6. She also preserved this claim in her Rule 1925(b) statement. **See** Pa.R.A.P. 1925(b) Statement, 7/13/23, at 3 (unnumbered).

Judgment of sentence vacated. Case remanded for a new trial. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 2/6/2025